UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 08-61604-CIV-COHN/SELTZER

LEONARD PARNESS,

    Plaintiff,

v.

PIAZZA BENVENUTO RISTORANTE,
PIZZERIA AND MARKET, INC., a
Florida corporation, and PATRICIA A.
BENVENUTO, individually,

    Defendants.
_____/

### ORDER GRANTING IN PART PLAINTIFF'S VERIFIED MOTION FOR ATTORNEY'S FEES, COSTS AND REIMBURSABLE EXPENSES

**THIS CAUSE** is before the Court on Plaintiff's Verified Motion for an Award of Reasonable Attorney's Fees, Costs and Reimbursable Expenses [DE 12]. The Court has considered the Motion, the attachments thereto, the record in this case, and is otherwise advised in the premises.

### I. BACKGROUND

On October 7, 2008, Plaintiff Leonard Parness filed the Complaint [DE 1] against Defendants seeking unpaid overtime wages and other relief under the Fair Labor Standards Act ("FLSA"). The Complaint was served on Defendants Piazza Benvenuto Ristorante, Pizzeria and Market, Inc. and Patricia A. Benvenuto on October 14 and 17, 2008, respectively. Defendants failed to answer the Complaint and a Clerk's Default [DE 9] was entered against the Defendants on November 17, 2008. On March 31, 2008, Plaintiff filed a Motion for Entry of Judgment by Default [DE 10], Plaintiff's Bill of

Costs [DE 14] and the instant Motion seeking attorney's fees in the amount of $4,865, costs in the amount of $450 and reimbursable expenses in the amount of $187.30.

## II. ATTORNEY'S FEES

### A. Entitlement to Fees

The FLSA provides that "the court in such action shall, in addition to any judgment awarded to the plaintiff or plaintiffs, allow a reasonable attorney's fee to be paid by the defendant, and costs of the action." 29 U.S.C. § 216(b).

### B. Calculation of Attorney's Fees

A reasonable award for attorney's fees is calculated using the lodestar method, which requires the Court to multiply the reasonable hours expended by a reasonable hourly rate. See Hensley v. Eckerhart, 461 U.S. 424, 433 (1983); Norman v. Housing Auth. of Montgomery, 836 F.2d 1292, 1299 (11th Cir. 1988); Cuban Museum of Arts & Culture, Inc. v. City of Miami, 771 F. Supp. 1190, 1191 (S.D. Fla. 1991). The fee applicant bears the burden of establishing entitlement to the award and documenting the appropriate hours and hourly rates. ACLU v. Barnes, 168 F.3d 423 (11th Cir. 1999). In determining what is a "reasonable" hourly rate and what number of compensable hours is "reasonable," a court may consider the 12 factors enumerated in Johnson v. Georgia Highway Express, Inc., 488 F.2d 714 (5th Cir. 1974). See Farley v. Nationwide Mut. Ins. Co., 197 F.3d 1322, 1340 (11th Cir. 1999).[1] In addition, a district

---

[1] Those factors are: (1) the time and labor required; (2) the novelty and difficulty of the questions; (3) the skill requisite to perform the legal service properly; (4) the preclusion of employment by the attorney due to acceptance of the case; (5) the customary fee; (6) whether the fee is fixed or contingent; (7) time limitations imposed by the client or the circumstances; (8) the amount involved and the results obtained; (9) the experience, reputation, and ability of the attorneys; (10) the "undesirability" of the case; (11) the nature and length of the professional relationship with the client; and (12)

court is "empowered to exercise discretion in determining whether an award is to be made and if so its reasonableness." Cullens v. Georgia Dept. of Transp., 29 F.3d 1489, 1492-93 (11th Cir. 1994).

### 1. *Reasonable Hourly Rate*

The first step in calculating the lodestar amount involves determining the reasonable hourly rate. "A reasonable hourly rate is the prevailing market rate in the relevant legal community for similar services, by lawyers of reasonably comparable skills, experience, and reputation." Norman, 836 F.2d at 1299. The applicant bears the burden of producing satisfactory evidence that the requested rate is in line with prevailing market rates. Id. Satisfactory evidence is at a minimum more than the affidavit of the attorney performing the work and can involve direct evidence of charges by lawyers under similar circumstances or opinion evidence. Id.

Here, the Motion identifies the billing rate for Donald R. McCoy, Plaintiff's counsel, as $350 per hour. In addition, Plaintiff submitted the Affidavit of James Dusek, Esq. ("Dusek Affidavit"), which states that the hourly rate charged by Mr. McCoy is either below or consistent with the market rate in South Florida. (See Dusek Affidavit ¶ 9.) The Dusek Affidavit also states that Mr. Dusek is familiar with the fees charged in the Florida for FLSA cases. (See id. ¶¶ 1, 8.) Therefore, the Court finds the rate charged by Plaintiff's counsel to be reasonable.

---

awards in similar cases. Johnson, 488 F.2d at 717-719.

### 2. *Reasonable Number of Hours Expended on Litigation*

The Motion seeks reimbursement for 13.9 hours expended by Plaintiff's counsel. As noted above, a district court must determine whether the hours expended are reasonable. Again, a fee applicant bears the burden of documenting the appropriate hours expended so that the Court may properly assess the time claimed for each activity. See Hensley, 461 U.S. at 433; Norman, 836 F.2d at 1301. Excessive, redundant or otherwise unnecessary hours should not be included in the calculation. See Barnes, 168 F.3d at 427.

The Dusek Affidavit states that the "legal work performed by Mr. McCoy in this case was reasonable and necessary" and that "Mr. McCoy handled the case efficiently and effectively." (Dusek Affidavit ¶ 6.) After reviewing the billing records submitted by Plaintiff's counsel, the Court finds that the hours expended on this case by Plaintiff's counsel are reasonable.

### 3. *Lodestar Amount*

Multiplying the reasonable hourly rate by the reasonable hours expended, results in attorney's fees of $4,865 for work performed by Mr. McCoy, as detailed below.

| Attorney | Hours | Hourly Rate | Fees |
|---|---|---|---|
| Donald R. McCoy | 13.9 | $350 | $4,865 |

Therefore, the Court awards Plaintiff a total amount of $4,865 in attorney's fees.

### III. COSTS

In addition to attorney's fees, the Motion seeks to recover a total of $637.30 in costs and litigation expenses. These costs and expenses are comprised of the filing

fee ($350), service of process ($100), copying costs ($11.70), postage ($0.60) and expert fees ($175).

The Supreme Court has held that in awarding costs, courts may not exceed those costs available in 28 U.S.C. § 1920 absent explicit contrary authorization in the applicable statute. Crawford Fitting Co. v. J.T. Gibbons, Inc., 482 U.S. 437, 445 (1987). The Eleventh Circuit has read this to require that cost awards under the FLSA be limited to the costs enumerated in § 1920. Glenn v. Gen. Motors Corp., 841 F.2d 1567, 1575 (11th Cir. 1988) (denying expert witness fees under 29 U.S.C. § 216(b) and noting that nothing suggested that Congress intended "costs" in § 216(b) to include anything more than the costs listed in § 1920.). Under this framework, district courts in the Eleventh Circuit have held that expert witness fees are not recoverable. Bartle v. RX Options, Inc., 2009 WL 1035251, *3 (S.D. Fla. Apr. 16, 2009) (" This Court has held that a party may not recover costs for express mail, facsimile transmissions, travel expenses and expert witness fees."); Moore v. Appliance Direct, Inc., 2009 WL 909271, *4 (M.D. Fla. Apr. 1, 2009) ("Neither 29 U.S.C. § 216(b) or 28 U.S.C. § 1920 provide a basis for Plaintiffs to recover fees paid to non-testifying expert witnesses."). Therefore, the Court will exclude Plaintiff's $175 in expert fees from the award.

The Court has reviewed the remaining costs and expenses submitted by Plaintiff and finds that they are reasonable and were necessarily incurred in connection with the prosecution of this action. See EEOC v. W & O, Inc., 213 F.3d 600, 623 (11th Cir. 2000); Tang How v. Edward J. Gerrits, Inc., 756 F. Supp. 1540, 1545-46 (S.D. Fla. 1991). Therefore, the Court will award Plaintiff a total of $462.30 in costs and expenses.

## IV. CONCLUSION

For the foregoing reasons, it is **ORDERED AND ADJUDGED** that Plaintiff's Verified Motion for an Award of Reasonable Attorney's Fees, Costs and Reimbursable Expenses [DE 12] is hereby **GRANTED IN PART**. Plaintiff is awarded a total amount of $5,327.30 for attorney's fees, costs and expenses, which includes attorney's fees in the amount of $4,865 and costs and expenses in the amount of $462.30. A Judgment awarding these fees and costs will be entered by separate Order.

**DONE AND ORDERED** in Chambers at Fort Lauderdale, Florida, on this 24th day of April, 2009.

JAMES I. COHN
UNITED STATES DISTRICT JUDGE

Copies provided to:

Counsel of record via CM/ECF

Piazza Benvenuto Ristorante, Pizzeria and Market, Inc.
c/o Patricia Benvenuto, Registered Agent
2600 Glades Circle, Suite 1100
Weston, FL 33327

Patricia Benvenuto
19333 Collins Avenue, #2009
Sunny Isles Beach, FL 33160-2372